**NOT RECOMMENDED FOR PUBLICATION**
File Name: 10a0070n.06

**No. 09-3181**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Feb 04, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| SAMER A. ABUASFOUR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | PETITION FOR REVIEW OF AN |
| | ) | ORDER OF THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| ERIC H. HOLDER, JR., Attorney General of the | ) | |
| United States, | ) | |
| | ) | |
| Respondent. | ) | |

Before:  BATCHELDER, Chief Judge; SILER and GILMAN, Circuit Judges.

**PER CURIAM**.  Samer A. Abuasfour petitions for review of a Board of Immigration ("BIA") order upholding the decision of the Immigration Judge ("IJ") denying his applications for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158 and 1231, and relief under Article 3 of the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c).  We DISMISS his asylum claim on jurisdictional grounds, and, because there is insufficient evidence to compel a reversal of the BIA's decision, we DENY his petition for review of his INA withholding of removal claim.[1]

---

[1]Because Abuasfour did not address his CAT withholding of removal claim in his brief, we deem that he has waived it.  *See Farm Labor Org. Comm. v. Ohio State Hwy. Patrol*, 308 F.3d 523, 537 n.6 (6th Cir. 2002) (refusing to address issue raised for the first time in appellant's reply brief and not supported by any evidence in the record).

No. 09-3181
*Abuasfour v. Holder*

## I. Background

Abuasfour, a Palestinian, entered the United States illegally in December 1999. On October 26, 2004, he formally sought asylum and withholding of removal under the INA and protection under the CAT. In support of his application, Abuasfour testified that in 1998 he began working as a police officer for the Palestinian Authority, an assignment that required him to patrol the border to stop Israelis from entering the West Bank city of Ramallah. Typically, he worked four consecutive days, after which he would take a taxi from Ramallah to his hometown of Sinjil. One day he rode home with several men from his village, Harrod, Ned, and Mohammad,[2] who called him an "informer" and a "snitch." After Abuasfour disembarked, the men chased him to his uncle's house, where he hid for several hours. He testified that thereafter he avoided sharing taxis with other men, and that masked individuals threw rocks at his house and threatened his life after the taxi incident.[3]

Several months later, he transferred to an emergency call center, where he was provided a gun for his protection. At some point, he again shared a taxi with Harrod, Ned, Mohammad, and a fourth man named Samer. The men threatened to kill him, and Samer punched him, after which Abuasfour jumped out of the moving taxi. The men also disembarked, chased him, and threw rocks at him. After he fired a few shots in the air, the men ceased their pursuit, and he reached home safely. One week after this second incident, he quit his job and left Palestine two to three months

---

[2]According to Abuasfour, Harrod and Ned were members of Hamas.

[3]He testified that some of these persons wore green masks, signifying their affiliation with Hamas.

later. Abuasfour maintained that he could not return home, because Hamas, the organization he believed was threatening him, would have him killed.

The IJ denied Abuasfour's applications, and ordered him removed to Israel. The IJ first denied his asylum application as untimely, noting that he failed to demonstrate changed or extraordinary circumstances to qualify for an exception to the statutory bar. Turning to the merits of the asylum and two withholding claims, the IJ held that Abuasfour was not credible. Even assuming, *arguendo*, that he was credible, the IJ denied his applications because he failed to qualify for asylum or withholding of removal.

The BIA affirmed the IJ's decision regarding the untimeliness of his asylum claim. It declined to address the court's adverse credibility finding, concluding that, even taking Abuasfour's testimony as true, he failed to establish his eligibility for withholding of removal under the INA or the CAT.

## II. Analysis

### A. Asylum Application

In the absence of a constitutional or legal question, we lack jurisdiction to review the BIA's rejection of an asylum application as untimely. 8 U.S.C. § 1158(a)(3)*; Almuhtaseb v. Gonzales*, 453 F.3d 743, 748 (6th Cir. 2006) (interpreting § 1158(a)(3) to bar review of asylum applications for untimeliness when the appeal seeks review of discretionary or factual questions). The BIA summarily affirmed the IJ's finding that Abuasfour was ineligible to apply for asylum because he failed to timely file his asylum application, and because he failed to demonstrate changed or extraordinary circumstances to qualify for an exception to the filing deadline. Abuasfour objects to

the IJ's application of the changed circumstances provision, which is "a predominantly factual determination." *Almuhtaseb*, 453 F.3d at 748. Since his only challenge is a factual one, we dismiss his asylum claim for lack of appellate jurisdiction.

**B. Withholding of Removal**

To be eligible for withholding of removal under the INA, Abuasfour must demonstrate a "clear probability," that is, that "'it is more likely than not,'" that he would be subject to persecution on the basis of one of five statutory grounds—race, religion, nationality, membership in a particular social group, or political opinion. *Liti v. Gonzales*, 411 F.3d 631, 640-41 (6th Cir. 2005) (quoting 8 C.F.R. § 1208.16(b)(2)).

We review the BIA's determination against withholding of removal pursuant to either the INA or the CAT under the deferential substantial evidence standard, and we will reverse only if it is "manifestly contrary to law." 8 U.S.C. § 1252(b)(4)(D). In other words, "we must find that the evidence 'not only supports a contrary conclusion, but indeed *compels* it.'" *Almuhtaseb*, 453 F.3d at 749 (quoting *Yu v. Ascroft*, 364 F.3d 700, 702-03 (6th Cir. 2004)).

Under the INA, when an applicant "is determined to have suffered past persecution in the proposed country of removal on account of [a protected ground]," a rebuttable presumption of future persecution arises. 8 C.F.R. § 208.16(b)(1)(i). Past persecution consists of "more than a few isolated incidents of verbal harassment or intimidation, unaccompanied by any physical punishment, infliction of harm, or significant deprivation of liberty." *Mikhailevitch v. INS*, 146 F.3d 384, 390 (6th Cir. 1998) (discussing past persecution in the context of an asylum claim). Moreover, while offensive, even one beating "does not [necessarily] *compel* a finding of persecution." *Gjokic v.*

*Ashcroft*, 104 F. App'x 501, 505 (6th Cir. 2004) (emphasis in original) (citing *Dandan v. Ashcroft*, 339 F.3d 567, 574 (7th Cir. 2003) (holding, in the context of an asylum claim, that petitioner failed to demonstrate past persecution when he was beaten but suffered no permanent injuries)).

As previously discussed, the BIA affirmed the IJ because Abuasfour had neither established his burden of past or future persecution, nor had demonstrated that he suffered harm on account of any of the five statutorily protected grounds. His strongest claim of past persecution was that he was punched in the side once. Otherwise, he relied on only two isolated taxi incidents, the fact that "people" threw rocks at his house and threatened his life, and his childhood recollection of the battering of his brothers and friend by *Israeli* soldiers. While disturbing, these incidents do not compel a finding of persecution. Abuasfour also pointed to Hamas's harassment of his family's house after he left the country. His claim of persecution, however, is belied by the fact that he waited for two to three months *after* the last taxi incident before leaving Palestine, a fact which indicates that his situation was "not sufficiently grave to constitute persecution." *See Almuhtaseb*, 453 F.3d at 750. The evidence does not compel a finding of past persecution on account of any protected ground.

Since Abuasfour does not benefit from a presumption of future persecution, to establish his withholding claim, he must demonstrate a clear probability that he would be persecuted in the future due to, *inter alia*, his political opinions. 8 C.F.R. § 1208.16(b)(1)(i); *INS v. Stevic*, 467 U.S. 407, 424 (1984). The BIA held that even taking Abuasfour's testimony as true, he failed to demonstrate likelihood of future persecution if returned to Palestine. Generally, "the existence of a generalized or random possibility of persecution in [one's] native country" is insufficient to establish future

persecution. *Castellano-Chacon v. INS*, 341 F.3d 533, 550 (6th Cir. 2003). Abuasfour argues that he presented evidence of a "practice" of persecution of persons similarly situated. The record contains newspaper articles detailing instances of Hamas revenge killings against Palestinians believed to be Israeli informants and instances of bloody skirmishes between Palestinian militants and Palestinian police forces. However, the BIA's conclusion that Abuasfour did not meet the clear probability standard is not one that *no* reasonable factfinder could reach. Thus, the evidence does not compel a finding of future likelihood of persecution, and we therefore deny review of Abuasfour's INA withholding claim.

Since we are without jurisdiction to review the denial of Abuasfour's asylum application, we **DISMISS** that part of his petition. Because the evidence does not compel reversal, we **DENY** review of his withholding of removal claim under the INA.